IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00162-MR

| | |
|---|---|
| VAN BRETT PIERRE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU COPELAND, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

**I.     BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about an excessive force incident that allegedly occurred at the Alexander Correctional Institution on January 6, 2019. He names as Defendants: Mr. Copeland, Mr. Link, Mr. Moss, and Mr. Walker, sergeants at Alexander C.I.; Mr. Brown and Mr. Poteat, lieutenants at Alexander C.I.; Mr. Howell, a correctional officer at Alexander C.I.; "three unknown Defendants" who allegedly appear on video surveillance; and "more unknown correctional staff and medical staff." [Doc. 1 at 3].

The Complaint is unsigned and contains no statement of the claim beyond a reference to several grievance forms that are attached to the Complaint and other grievances that, Plaintiff alleges, are in Alexander C.I.'s files. [Doc. 1 at 3]. Plaintiff does not state any injury. As relief, Plaintiff states: "I wish for the judge to find the Defendants guilty of excessive force and come to a[ ] realistic monetary settlement after the judge reviews the camera footage[ ]." [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Complaint is too vague and conclusory to proceed. Plaintiff does not identify several of the Defendants with adequate specificity. Further, he does not make any factual allegations whatsoever describing how any of the Defendants allegedly violated his rights under the color of state law. See generally Fed. R. Civ. P. 8(a)(2) (a short and plain statement of the claim is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Complaint is also unsigned. See Fed. R. Civ. P. 11(a) ("Every pleading … must be signed by at least one attorney of record … or

3

by a party personally if the party is unrepresented."). For all of these reasons, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk is instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

Signed: August 28, 2020

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge