IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00162-MR

| | |
|---|---|
| VAN BRETT PIERRE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU COPELAND, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 12]. Plaintiff is proceeding *in forma pauperis*. [Doc. 9].

**I.  BACKGROUND**

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Complaint was dismissed on initial review for failure to state a claim upon which relief can be granted, and the Plaintiff was given the opportunity to amend. [Doc. 11]. The Amended Complaint is now before the Court for initial review.

---

[1] The Plaintiff is presently incarcerated at the Maury Correctional Institution.

The Plaintiff names as Defendants the following Alexander C.I. personnel: FNU Copeland, FNU Link, FNU Moss, FNU Scruggs, and FNU Walker, correctional sergeants; FNU Brown, FNU Poteat, and FNU Miller, correctional lieutenants; FNU Dula, FNU Howell, FNU Teague, and John Doe, correctional officers; and Jane Doe, a nurse.

The Plaintiff alleges that on January 1, 2019,[2] he was sitting in the mess hall during the evening meal that was being supervised by Defendants Brown, Link, Miller, Poteat, and Scruggs. The Plaintiff alleges that during the meal he was attacked from behind by another inmate. Defendant Link tackled the inmate who was attacking the Plaintiff, then all three of them were pepper sprayed.[3] [Doc. 12-1 at 4].

The Plaintiff alleges that he was thrown to the hard cement floor by unknown staff, that his ankle was stomped, and that he was handcuffed and shackled. The Plaintiff alleges that he was then picked up from the floor and that Defendant Howell beat him with a baton. The Plaintiff alleges that Defendants Copeland and Teague walked the Plaintiff out of the mess hall and intentionally ran him into steel tables and stools, which knocked off his

---

[2] The Plaintiff also refers to the date of the incident as January 6, 2018, but this appears to be an error. [See Doc. 12 at 5].

[3] The Plaintiff claims that he is unable to attribute individual actions to the various Defendants because he was temporarily blinded by the pepper spray. He claims, however, that the entire incident was captured on surveillance video.

2

glasses and boot, hurt his right foot, and bruised his leg.  The Plaintiff alleges that he was thrown to the floor for a second time, and that certain unnamed "staff" then attempted to carry him; however, he alleges, they failed and dropped him on his face, causing bruises.  [Id. at 2].

The Plaintiff alleges that he was taken to solitary confinement where he was ordered to strip and was decontaminated by Defendants Moss, Dula, and John Doe correctional officer.  The Plaintiff alleges that Defendant John Doe told him to beg for cold water and, when the Plaintiff refused, he pepper sprayed the Plaintiff for a second time.  The Plaintiff claims that this incident was captured on a handheld camera.  [Id. at 3].

Defendant Jane Doe, a nurse who came to evaluate the Plaintiff for injuries.  The Plaintiff alleges that she provided a false name and falsely reported that the Plaintiff sustained no injuries.  The Plaintiff alleges that he had a swollen ankle for months after this incident and that he suffered contusions and abrasions all over his body.  [Id.].

The Plaintiff asks the Court to view the video footage of the incidents and to award him compensatory and punitive damages.  He also requests the appointment of counsel.  [Id. at 3, 6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Excessive Force

The Plaintiff first asserts that the Defendant correctional officers used excessive force against him during an incident in the dining hall and afterward in a decontamination shower.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners.[4] Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be objectively "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), resulting in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; see Hudson v. McMillian, 503 U.S. 1, 5, 8 (1992).

For excessive force claims, the objective component asks whether the force applied was sufficiently serious to establish a cause of action. Brooks

---

[4] The Plaintiff purports to seek relief pursuant to the Fifth, Eighth, and Fourteenth Amendments. Although the Plaintiff cites the Fifth Amendment, he has failed to set forth factual allegations upon which a plausible Fifth Amendment claim could be based. [Doc. 12 at 3].

5

v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 112-13. However, "[v]erbal abuse alone does not violate a constitutional right." Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (unpublished) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). Prison officials also have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinoes v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).

The Plaintiff alleges that he was pepper sprayed and thrown to the floor of the mess hall after another inmate attacked him. Even liberally construed, these allegations fail to plausibly allege that the Defendant correctional officers acted with a sufficiently culpable state of mind, rather to support the vital penological interest of swiftly halting a violent incident between two inmates in the prison's mess hall. The Plaintiff's allegation that his ankle was stomped during the melee, even if sufficiently serious, likewise fails to adequately allege the requisite state of mind.

The Plaintiff's allegations that staff dropped him during an attempt to carry him out of the mess hall and that Defendants Brown, Miller, Poteat,

Scruggs, and Link supervised the meal negligently also do not rise to the level of a constitutional violation. See generally Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by Farmer, 511 U.S. at 825 (mere negligence does not violate the Eighth Amendment).

However, the Plaintiff's allegations that Defendant Howell beat him with a baton after he was handcuffed and shackled; that Defendants Copeland and Teague intentionally ran him into steel tables and stools while he was restrained; and that John Doe administered pepper spray without justification in the shower are plausible excessive force claims.

Therefore, the Court will allow the Plaintiff's excessive force claims to proceed against Defendants Copeland, Howell, Teague, and John Doe. The Plaintiff's excessive force claims as to the remaining Defendants will be dismissed.

**B.     Deliberate Indifference to a Serious Medical Need**

The Plaintiff also appears to allege that the Jane Doe nurse who came to evaluate him after the use of force incident was deliberately indifferent to a serious medical need.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United

7

States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (4th Cir. 1990).

Here, the Plaintiff alleges that Defendant Jane Doe lied about her name and falsely stated that he sustained no injuries even though he had abrasions and contusions and his ankle was swollen for months afterward. Allegations of abrasions, contusions, and a swollen ankle fail to demonstrate that the Plaintiff had a serious medical need mandating treatment. The Plaintiff's allegation that the nurse lied about her name and falsely reported that he had no injuries, while perhaps improper, was not so grossly inadequate to shock the conscience. Therefore, the deliberate indifference claim against Defendant Jane Doe will be dismissed.

### C. Request for Counsel

The Plaintiff asks the Court to appoint counsel to represent him in this action. He argues that he is a construction worker and has "great difficulty with law work." [Doc. 12-1 at 3].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. Nevertheless, the Court will offer the Plaintiff the opportunity to request the appointment of North Carolina Prisoner Legal Services to assist him with discovery pursuant to Standing Order 3:19-mc-00060-FDW.

## IV. CONCLUSION

In sum, Plaintiff has stated an Eighth Amendment claim against Defendants Copeland, Howell, Teague, and John Doe for the use of excessive force. The remaining claims are dismissed.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by

North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Copeland, Howell, Teague, and John Doe, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 12] has passed initial review against Defendants Copeland, Howell, Teague, and John Doe for the use of excessive force.

**IT IS FURTHER ORDERED** that the Plaintiff's remaining claims against Defendants FNU Link, FNU Moss, FNU Scruggs, FNU Walker, FNU Brown, FNU Poteat, FNU Miller, FNU Dula, and Jane Doe are **DISMISSED**.

The Clerk of Court is directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants **Copeland, Howell, Teague,** and **John Doe**, who are alleged to be current or former employees of NCDPS. The Clerk is further directed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: April 1, 2021

Martin Reidinger
Chief United States District Judge