# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00162-MR

| | |
|---|---|
| VAN BRETT PIERRE WATKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DERRICK COPELAND, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment [Doc. 58].

## I. BACKGROUND

The incarcerated Plaintiff Van Brett Pierre Watkins ("Watkins" or simply, "the Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The unverified Complaint was dismissed on initial review, but the unverified Amended Complaint passed initial review for the use of excessive force against Defendants Derrick A. Copeland, a correctional sergeant; and Shelby N. Howell, Nicholaus P. Teague, and

---

[1] The Plaintiff is presently housed at the North Carolina Central Prison.

Christopher A. Johnson,[2] correctional officers.[3] [Doc. 12: Am. Compl.; Doc. 13: Order on Initial Review]. The Plaintiff seeks compensatory and punitive damages.

The Defendants have now filed a Motion for Summary Judgment and supporting Declarations. [Doc. 58: MSJ; Docs. 59-1, 59-2, 59-3, 59-4: Declarations]. The Court notified the Plaintiff of the opportunity to respond to Defendants' Motion and to present evidence in opposition pursuant to Fed. R. Civ. P. 56. [Doc. 62: Roseboro[4] Order]. The Plaintiff filed a verified Response to which he has attached records, and a verified Supplemental Response.[5] [See Doc. 63: MSJ Response; Doc. 64: Supp. MSJ Response]. The Defendants filed a Notice informing the Court that they do not intend to reply. [Doc. 65: Notice]. Having been fully briefed, this matter is ripe for disposition.

---

[2] Johnson is identified as an "unknown … officer" in the Amended Complaint. [Doc. 12: Am. Compl. at 12].

[3] All of the Defendants' titles are the ones they held at the time of the incident at issue. Neither the Complaint nor the Amended Complaint is verified. [Doc. 1: Complaint; Doc. 12: Am. Compl.].

[4] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[5] This pleading is titled "Reaffirm."

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to

3

"depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

4

Case 5:19-cv-00162-MR   Document 67   Filed 11/04/22   Page 4 of 9

> no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

<u>Scott</u>, 550 U.S. at 380.

## III. FACTUAL BACKGROUND

Viewing the forecast of evidence in the light most favorable to the Plaintiff, the following is a summary of the relevant facts.

On January 6, 2019, the Plaintiff was the subject of an unprovoked attack by another inmate in the Alexander CI dining hall. [Doc. 63: MSJ Response at ¶¶ 2, 6-8; Doc. 64: Supp. MSJ Response at ¶ 1; Doc. 59-2: Copeland Decl. at ¶ 7(b)]. A "Code 4" was called and staff responded to break up the disturbance. [Doc. 59-1: Howell Decl. at ¶ 7(c); Doc. 59-3: Teague Decl. at ¶ 7(a); Doc. 59-4: Johnson Decl. at ¶ 7(a)].

When officers arrived, the Plaintiff did not put up his hands or take a defensive fighting stance; he was pepper sprayed while yelling that he was innocent. [Doc. 63: MSJ Response at ¶¶ 6-8; Doc. 64 Supp. MSJ Response

at ¶ 1]. Officer Howell "beat[ ]" the Plaintiff after he was "cuffed." [Doc. 63: MSJ Response at ¶ 9; Doc. 64: Supp. MSJ Resp. at ¶ 7].[6]

As the officers escorted the Plaintiff out of the dining hall, the Plaintiff was "driven in[to]" stools and tables; he was "forcibly" placed on the floor while officers attempted to pick him up to carry him; and he was "dropped to the floor again" because he was "to[o] heavy for the out of shape prison guards." [Doc. 63: MSJ Response at ¶¶ 13-15]. On the walk to the restrictive housing unit, the leg irons were "cutting/hurting" the Plaintiff's ankles. [Doc. 63: MSJ Response at ¶ 15].[7]

Once at restrictive housing, the Plaintiff was placed in the shower for a strip search and decontamination. Officer Johnson sprayed the Plaintiff with mace in the shower, even though the Plaintiff "posed no threat" to officers or himself. Officer Johnson told the Plaintiff to "beg" if he wanted to be

---

[6] The Defendants deny the Plaintiff's version of events, stating that the Plaintiff and the inmate who attacked him defied verbal commands and continued to fight and resist restraints even after OC pepper spray was administered; that the Plaintiff was struck with a baton in a "green zone area" to break up the fight; and that no staff member used baton strikes after the Plaintiff was restrained with handcuffs. At this stage of the proceedings, however, the Court must view the forecast of evidence in the light most favorable to the Plaintiff.

[7] The Defendants deny intentionally running the Plaintiff into steel tables or stools. The Defendants admit that the Plaintiff was lowered to the ground so that they could attempt to carry him using a four-man carry protocol; however, they deny that he was ever dropped or that any excessive force was used upon him during this incident.

6

decontaminated. [Doc. 63: MSJ Response at ¶¶ 18-19; Doc. 64: Supp. MSJ Response at ¶ 6].[8]

Among the exhibits filed by the Plaintiff is an Investigating Officer's Report indicating that a disciplinary charge against the Plaintiff for the January 6, 2019 incident was dismissed because the Plaintiff was "defensive during the incident and never [was] the aggressor." [Doc. 63-1: Plaintiff's MSJ Ex at 139].

Although the parties refer to video of the incident, and to still images of the Plaintiff's injuries, no such evidence has been filed with the Court. [See Doc. 59: MSJ Memo. at 10; Doc. 64: Supp. MSJ Response at ¶ 3].

## IV. DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must

---

[8] According to the Defendants the Plaintiff became "verbally aggressive and non-compliant" during the strip search and decontamination shower because the Plaintiff felt the process was not moving fast enough. [Doc. 59-4: Johnson Decl. at ¶ 7(h)]. They further contend that the Plaintiff was observed pulling an unknown substance from his rectum area, removing it from a wrapper, and quickly swallowing it, an act which the Plaintiff denies. The Defendants further deny that Officer Johnson made the Plaintiff beg for water or that any of the Defendants used excessive force at any time during this incident. At this stage, however, the Plaintiff's version of events must be accepted as true.

satisfy both an objective component (that the harm inflicted was sufficiently serious) and a subjective component (that the prison official acted with a sufficiently culpable state of mind). Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Plaintiff has presented a sufficient forecast of evidence from which a reasonable jury could conclude that he was subjected to excessive force by the Defendants in violation of his constitutional rights. Moreover, because genuine disputes of material fact exist regarding whether the Defendants violated the Plaintiff's constitutional right to be free from excessive force, the Defendants are not entitled to qualified immunity at this time. See E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018); Hudson v. McMillian, 503 U.S. 1, 5-10 (1992). Accordingly, the Court concludes that, on the record presently before it, the Defendants are not entitled to judgment as a matter of law. Therefore, the Defendants' motion for summary judgment is denied.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is denied.

The Court intends to refer this case to a United States Magistrate Judge for the purpose of conducting a Judicial Settlement Conference. Any party not wishing to participate in a Judicial Settlement Conference shall file written objections within fourteen (14) days of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment [Doc. 58] is **DENIED**.

**IT IS FURTHER ORDERED** that any party not wishing to participate in a Judicial Settlement Conference shall file written objections so informing the Court within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Signed: November 4, 2022

Martin Reidinger
Chief United States District Judge

9

Case 5:19-cv-00162-MR   Document 67   Filed 11/04/22   Page 9 of 9