# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00162-MR

| | |
|---|---|
| VAN BRETT PIERRE WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DERRICK COPELAND, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Obtain Witnesses Both in my Favor as Well as Hostile; Motion to Obtain All Veoios/Still Shots; as Well as Other Related Matters" [Doc. 72] (errors uncorrected).

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Amended Complaint passed initial review for the use of excessive force against several Defendants. [Docs. 12, 13]. Discovery closed on June 21, 2022. [May 23, 2022 Text-Only Order]. The Defendants filed a Motion for Summary Judgment that was denied. [Docs. 58, 67]. The case was referred to a magistrate judge for a judicial settlement conference,

which was held on February 9, 2023. [Docs. 70, 71]. The parties reached an impasse. [Feb. 9, 2023 Minute Entry].

On February 11, 2023,[1] the Plaintiff filed the instant Motion in which he asks the Court to secure the presence of witnesses for trial; to obtain copies of "video(s) & (missing) still photo(s) Lt. Poteat took;"[2] and to appoint a lawyer to represent him at trial. [Doc. 72 at 1-3 (errors uncorrected); see also Doc. 72-1 (Feb. 11, 2023 Letter from Plaintiff to NCPLS); Doc. 72-2 (Nov. 23, 2022 Letter from NCPLS to Plaintiff)].

To the extent that the Plaintiff is now requesting discovery, his Motion is denied. Discovery closed more than seven months ago and the Plaintiff has failed to demonstrate good cause for reopening discovery at this late date. See generally Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] This request appears to refer both to materials that were not produced in discovery, and materials that were provided to NCPLS which NCPLS failed to forward to the Plaintiff upon withdrawing from the case. The Plaintiff asks that these materials be sent to "his lawyer in New York City" who is also his sister, however, no such attorney has appeared in this matter on the Plaintiff's behalf. [Doc. 72 at 3] (errors uncorrected).

2

Case 5:19-cv-00162-MR   Document 73   Filed 03/28/23   Page 2 of 4

extends as well to the manner in which it orders the course and scope of discovery"). To the extent that the Plaintiff is seeking a copy of the discovery that NCPLS obtained on his behalf, NCPLS is instructed to file a Notice, within 14 days, informing the Court that it has complied with the Plaintiff's request, or the reason that it has not done so.

The Plaintiff also requests the appointment of counsel to assist him at trial. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. However, the Court has nevertheless instructed the Clerk to initiate the Prisoner Assistance Program (PAP) pursuant to Case No. 3:19-mc-00013-MR so that the Plaintiff may request the Court's assistance in locating a volunteer lawyer to represent him at trial.

Insofar as the Plaintiff seeks to subpoena witnesses for trial, this request is premature, as a trial has not yet been scheduled.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Obtain Witnesses Both in my Favor as Well as Hostile; Motion to Obtain All Veoios/Still Shots; as Well as Other Related Matters" [Doc. 72] is **GRANTED IN PART AND DENIED IN PART** as described in this Order.

2. NCPLS shall file a Notice, within **fourteen (14) days,** informing the Court that it has complied with the Plaintiff's request for a copy of his discovery, or explaining why it has not done so.

The Clerk is respectfully instructed to mail a copy of the Plaintiff's Motion [Doc. 72] and this Order to NCPLS Executive Director Elizabeth Hopkins Thomas, PO Box 25397, Raleigh, NC 27611.

**IT IS SO ORDERED.**

Signed: March 28, 2023

Martin Reidinger
Chief United States District Judge