IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00162-MR

| | | |
|---|---|---|
| **VAN BRETT PIERRE WATKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **DERRICK COPELAND, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Appointment of Counsel Lawyer and Motion to Compel the Defendant's Lawyer to Produce Still Photo(s) of Injuries" [Doc. 76].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. The Amended Complaint passed initial review with respect to the Plaintiff's claims for the use of excessive force against several Defendants. [Docs. 12, 13]. The Court appointed North Carolina Prisoner Legal Services (NCPLS) to assist the Plaintiff with discovery; the discovery period closed on June 21, 2022. [Doc. 32; May 23, 2022 Text-Only Order]. The Court permitted NCPLS to withdraw from the representation on July 29, 2022, after having discharged its duties in the representation. [Doc. 57]. The

Defendants filed a Motion for Summary Judgment that was denied. [Docs. 58, 67]. The case was referred to a magistrate judge for a judicial settlement conference, which was held on February 9, 2023. [Docs. 70, 71]. The parties reached an impasse. [Feb. 9, 2023 Minute Entry].

On February 11, 2023, the Plaintiff filed a Motion asking the Court to *inter alia* obtains copies of "(missing) still photo(s) Lt. Poteat took…," and to appoint a lawyer to represent him at trial. [Doc. 72 at 1-3]. On March 28, 2023, the Court entered an Order denying the request to reopen discovery; however, it ordered NCPLS to provide the Plaintiff with a copy of the discovery it obtained on his behalf within 14 days. [Doc. 73]. The Court also granted the Plaintiff the opportunity to seek the Court's assistance in locating a volunteer attorney to represent him at trial through the Court's Prisoner Assistance Program (PAP). [Id.]. On April 6, 2023, NCPLS filed a Response explaining that it served a copy of the discovery materials on Plaintiff by certified mail, and wrote to the General Counsel of the North Carolina Department of Adult Corrections, asking that the Plaintiff be allowed to view the digital materials it included, which inmates are historically not permitted to receive by mail or review. [Doc. 74]. The Plaintiff also requested to participate in the PAP and, on May 24, 2023, volunteer attorney Allan Ray Tarleton appeared on the Plaintiff's behalf. [Docs. 75, 79].

In the instant Motion, which is post-marked April 14, 2023, the Plaintiff requests counsel pursuant to the PAP, and asks the Court to compel defense counsel to turn over "still shots of [his] injuries sustained during the incident" that were taken by Lieutenant Poteat on the day of the incident and the following day. [Doc. 76 at 1].

The Plaintiff does not certify in the Motion that he attempted in good faith to resolve the discovery dispute before engaging the Court's assistance. The lack of certification alone warrants the denial of those Motions. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied."). Moreover, the Plaintiff previously filed a Motion to Compel the same photographs that he presently seeks. To the extent that the Plaintiff seeks to reopen discovery, this request is again denied for the reasons previously stated. [Doc. 73]. To the extent that he seeks discovery that NCPLS obtained on his behalf, this request is moot. [See Docs. 73, 74]. To the extent that the Plaintiff seeks PAP counsel, this too is moot as volunteer counsel has now appeared on his behalf. [Doc. 79]. Accordingly, the Plaintiff's Motion is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's pro se "Motion for Appointment of Counsel Lawyer and Motion to Compel the Defendant's Lawyer to Produce Still Photo(s) of Injuries" [Doc. 76] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 13, 2023

Martin Reidinger
Chief United States District Judge