UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00162-MR

| | |
|---|---|
| VAN BRETT PIERRE WATKINS, ) ) Plaintiff, ) ) vs. ) ) DERRICK COPELAND, et al., ) ) Defendants. ) | ORDER |

**THIS MATTER** is before the Court *sua sponte*.

## I. BACKGROUND

Pro se Plaintiff Van Brett Pierre Watkins ("Plaintiff") was a prisoner of the State of North Carolina when he filed this action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. Plaintiff's Eighth Amendment excessive force claims against Defendants Derrick Copeland, Shelby Howell, Nicholas Teague, and Christopher A. Johnson[2] survived initial review and Plaintiff's

---

[1] The Plaintiff initiated this action while he was incarcerated at the Maury Correctional Institution. His last address of record with the Court is at the Scotland Correctional Institution.

[2] "Unknown" correctional officer in the Amended Complaint. [Doc. 12-1 at 1].

remaining claims were dismissed. [Doc. 13]. The case survived Defendants' Motion for Summary Judgment, the parties reached an *impasse* at a Judicial Settlement Conference, and the matter was ripe for trial.[3] [See Doc. 67; Feb. 9, 2023 Minute Entry].

On December 28, 2023, Defendants filed a Suggestion of Death of Plaintiff and attached Plaintiff's Offender Information from the North Carolina Department of Adult Corrections (NCDAC) website showing that Plaintiff died on December 3, 2023. [Docs. 83, 83-1]. Defendants served the Suggestion of Death on Plaintiff's next-of-kin, his sister Ms. Nicole Watkins. [See Doc. 83 at 2]. On January 4, 2024, mail sent by the Clerk to Plaintiff was returned as undeliverable due to Plaintiff being "deceased." [Doc. 84]. The Plaintiff did not respond to the Suggestion of Death, and no one has moved to substitute as the Plaintiff in this matter.

## II. DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party dies … the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or

---

[3] Allan Ray Tarleton appeared as volunteer counsel pursuant to the Court's Prisoner Assistance Program for the limited purpose of assisting the incarcerated Plaintiff at trial. [See Doc. 79]. Mr. Tarleton was allowed to withdraw from the representation on December 19, 2023 because the purpose of his appearance could no longer be fulfilled in light of the Plaintiff's death. [Doc. 82].

2

> representative. If the motion is not made within 90 days after service of a statement noting the death, the act by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). See <u>Sneed v. United States</u>, 1:19-cv-35-MOC-WCM, 2019 WL 4440002, *2 (W.D.N.C. Sept. 16, 2019) (dismissing action where deceased plaintiff's successor failed to move to substitute as plaintiff within 90 days).

Here, Plaintiff died on December 3, 2023. [<u>See</u> Doc. 83-1]. On December 28, 2023, Defendants filed a Suggestion of Death and served it on Plaintiff's next-of-kin. [Doc. 83]. Under Rule 25(a)(1), Plaintiff's successor or representative was required to move to substitute as the Plaintiff in this action by Wednesday, March 27, 2023. The deadline has expired, and no one has moved to substitute as a proper Plaintiff in this matter. The Court will, therefore, dismiss this action.

### III. CONCLUSION

In sum, for the reasons stated herein, the Court dismisses this action.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 28, 2024

Martin Reidinger
Chief United States District Judge